DEELEY KING PANG & VAN ETTEN, LLP
DENNIS W. KING     1734-0
ERIC SEELEMAN     9998-0
1003 Bishop Street, Suite 1550
Honolulu, HI 96813
Phone:  (808) 533-1751
Fax:    (808) 599-2908
E-mail: dwk@dkpvlaw.com
        es@dkpvlaw.com

SYVERSON, LESOWITZ & GEBELIN, LLP
STEVEN T. GEBELIN     *(Pro Hac Vice)*
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone:  (310) 341-3072
Fax:    (310) 341-3070
E-mail: steven@syversonlaw.com

Attorneys for Defendants
DRAGON MEDIA, INC. d/b/a
DRAGON BOX and
PAUL CHRISTOFORO

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI**

| | |
|---|---|
| ME2 Productions, Inc., and Venice PI, LLC<br><br>                  Plaintiffs,<br><br>   vs.<br><br>Dragon Media, Inc. d/b/a Dragon Box, Paul Christoforo, John Doe, and Jev Balubar<br><br>                  Defendants. | Case No.: 1:17-cv-00320-RLP<br><br>(Copyright)<br><br>**DEFENDANTS DRAGON MEDIA, INC. AND PAUL CHRISTOFORO'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT [61]; DECLARATION OF ERIC SEELEMAN; EXHIBITS A-B; CERTIFICATE OF SERVICE** |

**DEFENDANTS DRAGON MEDIA, INC. AND PAUL CHRISTOFORO'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT [61]**

### I.   Introduction

In this action, Plaintiff ME2 Productions, Inc. (hereafter: "ME2") originally filed claims in July 2017 against twenty unknown "Doe" defendants who it alleged installed and used BitTorrent software on their computer and then used that software to participate in a in a BitTorrent Swarm to distribute its copyrighted work.  Since that time, consistent with their strategy of using the threat of litigation to demand settlements below the cost of a defense, Plaintiffs dismissed all claims against the original parties to the case or based upon the factual nexus that allegedly bound them together.

Now, eight months later, and on a request to file a Fourth Amended Complaint, ME2 and second plaintiff Venice PI, LLC[1] (hereafter: "Venice") (ME2 and Venice referred to sometimes below collectively as "Plaintiffs") seek leave of the court to file a pleading that will abandon any claims against the original 20 "Doe" Defendants and removes their allegations relating to the BitTorrent software and swarms that were the factual nexus between them, and instead recasts its case as one against Defendants Dragon Media, Inc. and Paul Christoforo (collectively

---

[1] Venice was added to the case via ME2's original amendment to the pleadings. See First Amended Complaint dated November 22, 2017 [Dkt. No. 28].

the "Dragon Defendants"), alleging that the California corporation that distributed hardware allegedly used by consumers to stream Plaintiffs' works via completely different software.

As such, Plaintiffs' proposed amendment improperly stretches the pleadings in this case beyond the limits of joinder allowed under the Federal Rules, and should therefore be denied as futile.

## II.     Procedural History and Relevant Facts

ME2 originally filed its claims on July 9, 2017 against twenty unknown "Doe" defendants who installed and used BitTorrent software on their computer and then used that software to participate in "a Swarm That Was Distributing the Plaintiff [ME2]'s Copyrighted Work." [Dkt. No. 1] Complaint at ¶¶ 19, 30-43.

Importantly, ME2 alleged that joinder of these many different defendants was appropriate pursuant to FRCP 20(a)(2) because "(a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants; (b) the infringement complained of herein by each of the Defendants was part of a series of transactions over the course of a relatively short period of time, involving the exact same piece of the Plaintiff's copyrighted Work, and was accomplished by the Defendants acting in concert with each other; and (c) there are common questions of law and fact." [Dkt. No. 1] Complaint at ¶ 10.

On July 11, 2017, ME2 received leave to serve discovery to serve third party subpoenas to uncover the identity of the "Doe" defendants. [Dkt. No. 10.].

Also in 2017, Plaintiff's counsel was quoted in local news coverage regarding the copyright infringement claims he had brought on behalf of movie production clients.  See Exhibits A, B.  A news report from April 2017, predating this action, confirmed that Mr. Culpepper had already "filed lawsuits against more than a 100 [*sic*] Hawaii residents" that had downloaded movies to their computer on behalf of movie production companies, and that "Almost all of the Hawaii cases settled anonymously, through the bootleggers' attorneys."  Ex. A.  Mr. Culpepper was further quoted as saying that although the "method of tracking the IP address is proving successful," it was "time consuming."  *Id*.

Another article from August 2017, following ME2 receiving permission to serve third party subpoenas to uncover the Doe defendants in the original complaint, reports that Mr. Culpepper had "subpoenaed internet service providers to identify customers at IP addresses he tracked down" and then sent a letter to 72 year old John J. Harding alleging that Culpepper had "evidence that Harding's IP address is attached to more than 1,000 illegal downloads."  Based on this, Culpepper stated that "Our firm is authorized to accept the sum of $3,900 as full settlement for our client's claims. This offer will expire on 7/31/2017. Thereafter, our client will accept no less than the sum of $4,900 to settle this matter, but this

increased settlement offer will expire on 8/7/2017." Ex. B. Mr. Harding "said he is being wrongfully accused of illegally downloading movies on the internet, including pornography," but also "said he doesn't want to hire an attorney because of expenses." *Id*.

Following its third party discovery, ME2 dismissed all but one of the Doe defendants in the original complaint. It dismissed without prejudice "Doe" defendants Nos. 9, 13, 15, 17, 19 and 20 on October 17, 2017 [Dkt. No. 19], "Doe" defendants Nos. 5, 6, 8, 10 and 12 on November 15, 2017 [Dkt. No. 24] and "Doe" defendants Nos. 1, 3, 7, 11, 14 and 16 on November 22, 2017 [Dkt. No. 27]. ME2 also dismissed with prejudice "Doe" defendant No. 18 on November 20, 2017 [Dkt. No. 25] and "Doe" defendant No. 4 on November 22, 2017 [Dkt. No. 26]. As a result, only ME2's BitTorrent claims against Doe 2 remained at issue in this action.

Also on November 22, 2017, ME2 filed a First Amended Complaint, joining second plaintiff Venice and alleging claims solely against Defendant Jeb Balubar (apparently formerly identified as defendant Doe 2). [Dkt. No. 28]. This First Amended Complaint alleged that Balubar used BitTorrent to copy "the constituent elements of the registered Works" owned by ME2 and Venice without authorization (*Id*. at ¶ 61) and to participate in the BitTorrent swarms for each such work and thereby "induced, caused or materially contributed to the infringing

conduct of" others that also made infringing copies of Plaintiffs' works (*Id*. at ¶ 68). In order to support the joinder of Venice as the second plaintiff, the Plaintiffs alleged that "the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely the use of BitTorrent at the Defendant's IP address; and (b) that there are common questions of law and fact. The Defendant used the same internet service, the same BitTorrent client applications and same hardware devices to download and distribute each of Plaintiffs' motion pictures in the same way." *Id*. at ¶ 23.

Since that filing, Plaintiffs have further amended the complaint twice. First, Plaintiffs received leave to file a Second Amended Complaint on December 12, 2017, amending to correct the legal name of Mr. Balubar. [Dkt. Nos. 34, 35]. They then received leave to file a Third Amended Complaint on January 17, 2018, which for the first time brought claims against the Dragon Defendants. [Dkt. Nos. 37, 38]. Plaintiffs then dismissed <u>without</u> prejudice their claims against Balubar on February 9, 2018. [Dkt. No. 45]. Dragon Defendants then filed a motion to dismiss the Third Amended Complaint on February 14, 2018. [Dkt. No. 48]. Plaintiffs opposed that motion [Dkt. No. 60] and then filed their perfunctory motion for leave to file a Fourth Amended Complaint, asserting that it may moot the pending motion to dismiss [Dkt. No. 61].

### III. ARGUMENT

Ordinarily, a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). Such leave "is properly denied, however, if amendment would be futile" or subject to dismissal. *See, e.g., Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). A district court's discretion to deny leave to amend is "particularly broad" where the plaintiff has previously amended. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Pursuant to 28 U.S.C. § 1367, a district court only has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," or over claims brought by a plaintiff against persons properly made parties "under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure." 28 U.S.C. §1367(a)-(b).

Under Federal Rule of Civil Procedure 20, a defendant may be joined to other defendants in one action where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. Rule 20(a)(2).

Specifically, in the context of allegations of online copyright infringement, Courts routinely dismiss claims against multiple defendants where their "alleged conduct was not part of the same transaction or occurrence" as the lead defendant. *See, e.g. Patrick Collins, Inc. v. John Does 1 through 34*, No. 3:12-CV-1474-GPC-BGS, 2013 WL 593445, at *4 (S.D. Cal. Feb. 13, 2013) (recapping 9th Circuit cases finding that BitTorrent swarm allegations alone are insufficient to meet requirements for joinder under FRCP 20(a)(2) and concluding "that the interests of avoiding undue prejudice and jury confusion, as well as judicial efficiency and fundamental fairness, are better served by severing these defendants [other than Doe 1] and requiring Plaintiff to file separate cases against each defendant individually."); *Malibu Media v. John Does 1–10*, No. 12–CV–3623 (C.D. Cal. June 27, 2012) (No. 7) (dismissing improperly joined defendants and admonishing that "The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement — making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.").

Here, Plaintiffs application for leave to file its Fourth Amended Complaint admits on its face that the new pleading completely abandons the BitTorrent swarm allegations that were the "transaction or occurrence" underlying its basis for joinder of multiple defendants in its original complaint.  Moreover, Plaintiffs have already dismissed their claims against each of the original 20 defendants in the case alleged to be part of the BitTorrent swarm transmitting ME2's work.

Instead, the new pleading brings wholly different claims of infringement based on alleged contributory infringement via "streaming" of works by devices distributed by Dragon Media, Inc.  Not only is there not a sufficient factual nexus to connect the Dragon Defendants to the original swarm at issue in the action, these claims against the Dragon Defendants raise completely different facts and legal theories than Plaintiffs' first three pleadings.  Having had the opportunity to amend before, there is no reason why plaintiffs should be allowed to continue to morph their case into one wholly divorced from the original complaint in claims and parties.  Plaintiffs' attempt to turn this court into a cog in its copyright enforcement business model should not be tolerated.

### IV.  **CONCLUSION**

For the foregoing reasons, Dragon Defendants respectfully request that the Court deny Plaintiff's request for leave to file their Fourth Amended Complaint.

DATED: Honolulu, Hawai'i March 26, 2018.

Respectfully Submitted,

DEELEY KING PANG & VAN ETTEN, LLP
*/s/ Eric Seeleman*

DENNIS W. KING
ERIC SEELEMAN
    -and-

SYVERSON, LESOWITZ & GEBELIN, LLP
STEVEN T. GEBELIN (**Pro Hac Vice**)

Attorneys for Defendants
DRAGON MEDIA, INC. D/B/A DRAGON BOX
and PAUL CHRISTOFORO