CULPEPPER IP, PLLC
Kerry S. Culpepper, Bar No. 9837
75-5737 Kuakini Highway, Suite 102
Kailua-Kona, Hawai'i 96740
Telephone: (808) 322-3389
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

Attorney for Plaintiffs
ME2 Productions, Inc., and
Venice PI, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ME2 Productions, Inc., Venice PI, LLC, and | ) ) ) | **Case No.: 1:17-cv-00320-JMS-RLP** **(Copyright)** |
|---|---|---|
| Plaintiffs, vs. | ) ) ) ) | PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTION OF DEFENDANTS' |
| Dragon Media, Inc. d/b/a Dragon Box, Paul Christoforo, and John Doe | ) ) ) ) ) | OPPOSITION [DOC. #67]; CERTIFICATE OF SERVICE |
| Defendants. | ) ) | |

PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND OR THE
<u>ENTIRE OPPOSITION [DOCS. ## 67, 67-1, 67-2, 67-3]</u>

### I.   BRIEF FACTUAL BACKGROUND

The Plaintiffs filed a motion for leave to file a fourth amended complaint [Doc. #61]. The Defendants filed an opposition to Plaintiffs' motion on March 26, 2018 [Doc. # 67]. Plaintiffs seek to have either: (1) the entire opposition stricken; or (2) pgs. 2-5 of Defendants' Opposition [Id.] and Exhibits A-B [Docs. # 67-1, 67-2, 67-3] stricken because these portions consist of statements that do not pertain, and are not necessary, to the issues that were in question.

### II.   LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Although Rule 12(f) is applicable to pleadings, the Court can strike a party's filings pursuant to the Court's inherent powers. *See*, e.g., *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). *cf. Carrigan v. Cal. State Legislature*, 263 F.2d 560, 564 (9th Cir.1959) (discussing an appellate court's inherent power to strike briefs and pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy").

A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998). A matter is "immaterial" if it

"has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds ,510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Wailua Assocs.*, 183 F.R.D. at 553 (noting that an allegation is impertinent when it is irrelevant). Thus, courts will generally grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation. See *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002); *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992).

### III.  ARGUMENT

Nearly half of the Defendants' Opposition discusses First Plaintiff ME2's efforts to enforce its Copyright in the First Work and news coverage regarding these efforts. These efforts and the news coverage have <u>nothing</u> to do with the issue of whether Plaintiffs should be granted leave to amend the complaint. The issue in question was whether leave to grant Plaintiffs' request to submit the Fourth Amended Complaint was proper. Whether Plaintiffs allegedly use "the threat of litigation to demand settlements below the cost of a defense" [Doc. #67 at pg. 2] (an allegation which Plaintiffs of course deny) or local coverage of Plaintiff ME2's efforts to enforce its Copyright in Hawaii [Id. at pgs. 3-5] have no bearing on this

issue. The enforcement of ME2's copyright also has no bearing on Plaintiffs' allegations in the Third Amended Complaint – namely, the Defendants' marketing of their Dragon Box as a device that can stream any movies, and whether such conduct amounts to inducement of Copyright Infringement.

The exhibits referred to in the Opposition are falsely described in Defendants' Opposition [Doc. #67] and will thereby be prejudicial to Plaintiffs. Particularly, Defendants indirectly assert that Mr. Culpepper (Plaintiffs' counsel) was quoted in local news coverage as stating, "Almost all of the Hawaii cases settled anonymously, through the bootleggers' attorneys," [Id. at 4] by including this statement and in the next sentence stating "Mr. Culpepper was further quoted…". However, the news article itself never quotes Plaintiffs' counsel as making this 'bootleggers' statement. [Doc. #67-2]. Rather, this assertion appears to be a conclusion made by the author of the article based upon her conversation with Mr. Bakke. [Id.] The final exhibit [Doc. #67-3] is a news article that tells the story of Mr. Harding. However, Mr. Harding is not a Defendant in the present case. Thus, the Plaintiffs' will be prejudiced by these exhibits.

The Defendants' Opposition was nothing more than a naked attempt to admit irrelevant evidence which they believe to be prejudicial to Plaintiffs and would distract this Court.

## IV. <u>CONCLUSION</u>

Therefore, because the discussion of Plaintiffs' enforcement efforts and the related new coverage in Defendants' opposition [Doc. #67] have no essential or important relationship to the issue of whether Plaintiff should be granted leave to file the Fourth Amended Complaint, either (1) the Defendants' entire Opposition [Id.]; or (2) at least pgs. 2-4 of Defendants' Opposition [Id.], the Declaration of Counsel [Doc. #67-1], and Exhibits A-B [Docs. ## 67-2, 67-3] should be stricken.

DATED: Kailua-Kona, Hawaii, April 6, 2018.

CULPEPPER IP, PLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs