IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ME2 PRODUCTIONS, INC, ET AL., | ) CIVIL NO. 17-00320 JMS-RLP |
| | ) |
| Plaintiffs, | ) ORDER (1) GRANTING PLAINTIFFS' |
| | ) MOTION FOR LEAVE TO FILE AMENDED |
| vs. | ) COMPLAINT; (2) GRANTING |
| | ) PLAINTIFFS' EX PARTE MOTION FOR |
| DRAGON MEDIA, INC. D/B/A/ | ) EXTENSION OF TIME TO SERVE |
| DRAGON BOX, ET AL., | ) COMPLAINT AND SUMMONS; AND (3) |
| | ) DENYING PLAINTIFFS' MOTION TO |
| Defendants. | ) STRIKE PORTIONS OF DEFENDANTS' |
| | ) OPPOSITION |
| _____ | ) |

ORDER (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; (2) GRANTING PLAINTIFFS' EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT AND SUMMONS; AND (3) DENYING PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' OPPOSITION

Three motions are before the Court: (1) Plaintiffs' Motion for Leave to File Amended Complaint; (2) Plaintiffs' Ex Parte Motion for Extension of Time to Serve Complaint and Summons; and (3) Plaintiffs' Motion to Strike Portions of Defendants' Opposition. ECF Nos. 61, 69, 70. The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.2(d). After carefully reviewing the submissions of the parties and the relevant legal authority, the Court ORDERS as follows.

BACKGROUND

Plaintiff ME2 Productions, Inc. originally filed this action on July 9, 2017, against twenty unknown Doe defendants who allegedly installed and used BitTorrent software to download and distribute Plaintiff's copyrighted work. ECF No. 1 ¶¶ 19, 30-43.

On July 11, 2017, Plaintiff ME2 Productions, Inc. received leave to serve discovery to serve third party subpoenas to learn the identity of the Doe defendants. ECF No. 10. Following this third party discovery, Plaintiff ME2 Productions, Inc. dismissed all but one of the Doe defendants in the original Complaint. See ECF Nos. 19, 24, 27, 25, 26. On November 22, 2017, Plaintiff ME2 Productions, Inc. filed a First Amended Complaint, joining Plaintiff Venice PI, LLC and asserting claims for copyright infringement against Defendant Jeb Balubar, formerly identified as Doe Defendant 2. ECF No. 28.

Plaintiffs filed a Second Amended Complaint on December 12, 2017, amending to correct the legal name of Mr. Balubar. ECF Nos. 34, 35. Plaintiffs received leave to file a Third Amended Complaint on January 17, 2018, asserting claims for contributory copyright infringement against Dragon Media, Inc. d/b/a Dragon Box and Paul Christoforo ("Dragon Defendants"). ECF Nos. 37, 38. Specifically, Plaintiffs allege that the Dragon Defendants provided a device to Mr. Balubar that "connects customers to unauthorized online sources that stream Plaintiffs' Copyrighted Works and/or make copies of Plaintiffs Copyrighted Works via the BitTorrent client application." ECF No. 38 ¶ 111.

Plaintiffs then voluntarily dismissed their claims against Mr. Balubar on February 9, 2018. ECF No. 45. The Dragon Defendants filed a motion to dismiss the Third Amended Complaint on February 14, 2018. ECF No. 48. In response, Plaintiffs filed

the present Motion seeking leave to file a Fourth Amended Complaint.

DISCUSSION

**I. Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED.**

Under Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that leave to amend should be freely given when justice so requires. Id. Whether to grant leave to amend is within the court's discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). In determining whether to grant leave to amend, courts consider several factors including undue delay, whether the opposing party will be prejudiced, futility of the amendment, and bad faith by the movant. Id.

Here, the Dragon Defendants do not argue that the proposed amendments would be futile, that they would be prejudiced by the amendments, or that Plaintiffs delayed in seeking amendment. See ECF No. 67. Instead, the Dragon Defendants argue that Plaintiffs should not be given leave to amend because Plaintiffs' proposed Fourth Amended Complaint abandons the infringement claims that were asserted in the original Complaint and instead asserts claims for contributory infringement based on streaming on devices. Id. at 9. The

Dragon Defendants argue that "there is no reason why plaintiffs should be allowed to continue to morph their case into one wholly divorced from the original complaint in claims and parties." Id.

Although the Court understands the Dragon Defendants' frustrations with the procedural history of this case, the arguments that they assert in their Opposition do not provide a basis to deny Plaintiffs' request for leave to amend. The Dragon Defendants were first named in the Third Amended Complaint filed on January 17, 2018, and were served on January 31, 2018. See ECF Nos. 38, 43, 44. The proposed Fourth Amended Complaint withdraws the claim for contributory infringement based upon the BitTorrent protocol, which the Dragon Defendants sought dismiss, and asserts claims for contributory copyright infringement based on inducement and material contribution. The Dragon Defendants have not argued that these amendments are futile. Further, there is no evidence of undue delay or prejudice. Plaintiffs sought leave to amend less than a month after the Dragon Defendants filed their motion to dismiss the Third Amended Complaint. The Rule 16 Scheduling Conference has been set for June 7, 2018. ECF No. 58. Given the relatively early stage of this litigation, the Court finds that Plaintiffs have not delayed in seeking amendment and the Dragon Defendants will not be prejudiced if Plaintiffs are given leave. Accordingly, Plaintiffs are given leave to file their Fourth Amended Complaint no later than April 23, 2018.

**II. Plaintiffs' Ex Parte Motion for Extension of Time**

**to Serve Complaint and Summons is GRANTED.**

Because Plaintiffs have been given leave to file their Fourth Amended Complaint, the Court finds good cause exists to extend the time to serve up to and including May 4, 2018.

**III. Plaintiffs' Motion to Strike Portions of Defendants' Opposition is DENIED.**

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  In their Motion to Strike, Plaintiffs ask the Court to strike portions of the Dragon Defendants' Opposition that discuss Plaintiff ME2 Production, Inc.'s "efforts to enforce its Copyright . . . and news coverage regarding these efforts."  ECF No. 70-1.  The Court has carefully reviewed the statements in the Dragon Defendants' Opposition and rejects Plaintiffs' arguments that they will be prejudiced by these statements remaining on the record in this action.  The portions at issue discuss news coverage regarding copyright infringement cases and, although Plaintiffs may disagree with the Dragon Defendants' characterizations, the statements made are not impertinent or scandalous.  The Court DENIES Plaintiffs' Motion to Strike.

CONCLUSION

Based upon the foregoing, the Court ORDERS as follows:

(1) Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED.  Plaintiffs are given leave to file their Fourth Amended Complaint no later than April 23, 2018.

(2) Plaintiffs' Ex Parte Motion for Extension of Time to Serve Complaint and Summons is GRANTED.  The time to serve is extended up to and including May 4, 2018.

(3) Plaintiffs' Motion to Strike Portions of Defendants' Opposition is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, APRIL 18, 2018.

Richard L. Puglisi
United States Magistrate Judge

**ME2 PRODS., INC., ET AL. V. DRAGON MEDIA, INC., ET AL.; CIVIL NO. 17-00320 JMS-RLP; ORDER (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; (2) GRANTING PLAINTIFFS' EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT AND SUMMONS; AND (3) DENYING PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' OPPOSITION**