Dennis W. King, Esq.
Eric Seeleman, Esq.
**DEELEY KING PANG & VAN ETTEN**
Pauahi Tower
1003 Bishop Street, Suite 1550
Honolulu, Hawaii 96813
Telephone:  (808) 533-1751
Facsimile:  (808) 599-2908


Matthew J. Faust, Cal State Bar No. 254145
Admitted *Pro Hac Vice*
**SHARIF | FAUST LAWYERS, LTD.**
110 West A Street, Suite 1100
San Diego, CA  92101
Telephone:   (619) 233-6600
Facsimile:   (619) 233-6602


Attorneys for Defendants
Dragon Media, Inc. d/b/a Dragon Box
and Paul Christoforo

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ME2 Productions, Inc., and Venice PI, LLC, <br><br> Plaintiff, <br> vs. <br><br> Dragon Media, Inc., et al. <br><br> Defendants. | Case No.:    1:17-cv-00320-JMS-RLP (Copyright) <br><br> **DEFENDANTS DRAGON MEDIA, INC. AND PAUL CHRISTOFORO'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT; OR, IN THE ALTERNATIVE, TO CHANGE VENUE TO SOUTHERN DISTRICT COURT OF CALIFORNIA** |

/ / /

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... iv

INTRODUCTION ...............................................................................1

FACTUAL AND PROCEDURAL BACKGROUND .............................................1

ARGUMENT ....................................................................................3

I.   THE COURT SHOULD DISMISS THE CASE BECAUSE IT LACKS PERSONAL JURISDICTION OVER DRAGON DEFENDANTS AND THE VENUE IS IMPROPER ......................................................................4

   A.   The Court Should Consider Dragon Defendants' Venue and Jurisdiction Defense ..................................................................................5

   B.   Venue and Personal Jurisdiction is not Proper in this Case ..........................8

II.  ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION TO THE SOUTHERN DISTRICT COURT OF CALIFORNIA WHICH IS A MORE CONVENIENT VENUE.......................................................................16

   A.   Plaintiff Could Have Brought This Case in the Southern District Court of California ...............................................................................17

   B.   Plaintiff's Choice of Forum is Not Entitled to Deference ..........................17

   C.   The Southern District of California is More Convenient For the Parties and the Witnesses ...........................................................................18

   D.   The Ease of Access to Evidence Favors the Transfer .................................19

E.   The Southern District Court of California Has a Strong Local Interest in this Case........................................................................................................19

CONCLUSION ...................................................................................................20

# **TABLE OF AUTHORITIES**

## **UNITED STATES STATUTES**

28 U.S.C. Section 1391 ...................................................................................7

28 U.S.C. Section 1400 ...................................................................................7

28 U.S.C. Section 1404 .................................................................................15

## **FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rules of Civil Procedure 12 ...........................................................3, 4

Federal Rules of Civil Procedire 60 ...............................................................6

## **UNITED STATES SUPREME COURT DECISIONS**

*Calder v. Jones,*

      465 U.S. 783 (1983) ...............................................................................11

*Piper Aircraft v. Reyno*,

      454 U.S. 235, 255, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981) .....................17

*Walden v. Fiore*,

      134 S. Ct. 1115 (2016).............................................................................10

## **UNITED STATES COURT OF APPEALS DECISIONS**

*Decker Coal Co. v. Commonwealth Edison Co.*,

      805 F.2d 834 (1986). ..............................................................................18

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,

    223 F.3d 1082 (9th Cir. Cal. 2000) ............................................................8, 9

*Brayton Purcell LLP v. Recordon & Recordon*,

    606 F.3d 1124 (9th Cir. 2010) .........................................................................7

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,

    557 F.2d 1280 (9th Cir. Cal. 1977) ...............................................................10

*Schwarzenegger v. Fred Martin Motor Co.*,

    374 F.3d 797 (9th Cir. Cal. 2004)...................................................................8

## UNITED STATES DISTRICT COURT DECISIONS

*Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.*,

    191 F. Supp. 3d 1007 (Cal. N. D. 2016)................................................. 13, 14

*DFSB Kollective Co., Ltd. v. Bing Yang*,

    2013 U.S. Dist. LEXIS 46096 (Cal. N. D. 2013).........................................12

*Doe v. Network Solutions, LLC*,

    2008 U.S. Dist. LEXIS 7397 (Cal. N. D. 2008).............................................4

*E. digital Corp. v. FNJ Storage, Inc.*,

    2015 U.S. Dist. LEXIS 181278 (Cal. S. D. 2015)........................................10

*E. digital Corp. v. FNJ Storage, Inc.*,

    2015 U.S. Dist. LEXIS 181278 (S.D. Cal. 2015).........................................10

*Goldberg v. Cameron*,

482 F. Supp. 2d 1136 (Cal. N. D. 2007)............................................... 7, 9, 11

*Gresser v. Wells Fargo Bank*,

2012 U.S. Dist. LEXIS 44074 (Cal N. D. 2012)...........................................17

*Gresser v. Wells Fargo Bank*,

2012 U.S. Dist. LEXIS 44074 (Cal N. D. 2012)...........................................17

*Joon Park v. Cas Enters*.,

2008 U.S. Dist. LEXIS 127108 (Cal. S. D. 2008).........................................17

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*,

2017 U.S. Dist. LEXIS 64115 (Cal. C. D. 2017) ......................... 4, 10, 11, 13

*Metz v. United States Life Ins. Co*.,

674 F. Supp. 2d 1141 (Cal. C. D. 2009).........................................................18

*Microsoft Corp. v. Academic Software HQ Inc.*,

2017 U.S. Dist. LEXIS 82423 (Cal. S. D. 2017)............................................8

*Strigliabotti v. Franklin Res., Inc.,*

2004 WL 2254556 (N.D. Cal. 2004)...........................................................17

*Wellens v. Daiichi Sankyo Co.,*

2013 U.S. Dist. LEXIS 89831 (Cal. N. D. 2013).........................................15

*Wine Bottle Recycling, LLC v. Niagara Sys. LLC*,

2013 U.S. Dist. LEXIS 37273 (Cal. N. D. 2013)...........................................9

## INTRODUCTION

Defendants, Dragon Media, Inc. ("Dragon Media") and Paul Christoforo ("Defendant Christoforo")("collectively "Dragon Defendants") respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss the Fourth Amended Complaint (the "Motion").   Dragon Defendants request this Court for an Order dismissing the Fourth Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure due to a lack of personal jurisdiction over the Dragon Defendants, and Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.  However, if the Court is not inclined to dismiss the Fourth Amended Complaint, it should transfer the case to the Southern District Court of California, a more convenient venue, pursuant to 28 U.S.C. section 1404.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2017, Plaintiff ME2 Productions, Inc. ("Plaintiff ME2"), brought this action against twenty unknown Doe defendants, alleging that they had installed and used BitTorrent software to download and distribute Plaintiff ME2's copyrighted work. [Doc. 1.] After conducting third party discovery to learn the identity of the Doe defendants, Plaintiff ME2 dismissed all but the second Doe Defendant. [Doc. 19, 24, 25, 26, 27.]

On November 22, 2017, Plaintiff ME2 filed a First Amended Complaint, joining

Plaintiff Venice PI, LLC ("Plaintiff Venice") and alleging claims for copyright infringement solely against the second Doe Defendant, now identified as Jeb Balubar ("Defendant Balubar"). [Doc. 28.]  On December 12, 2017, Plaintiffs filed the Second Amended Complaint, amending to correct the legal name of Defendant Balubar. [Doc. 34, 35.]

On January 17, 2017, Plaintiffs filed a Third Amended Complaint, alleging (1) contributory copyright infringement based upon inducement and (2) contributory copyright infringement based upon material contribution for the first time against newly-joined Dragon Defendants [Doc. 37, 38.] On February 9, 2018, Plaintiffs dismissed without prejudice their claims against Defendant Balubar. [Doc. 45.]  Thereafter, Dragon Defendants filed a Motion to Dismiss the Third Amended Complaint on February 14, 2018. [Doc. 48.] On March 12, 2018, Plaintiffs filed a Motion for Leave to File the Fourth Amended Complaint, asserting that it may moot the pending Motion to Dismiss [Doc. 61.]

On March 19, 2018, the Court vacated the hearing and related briefing deadlines for the Motion to Dismiss the Third Amended Complaint, filed by Dragon Defendants, pending the Court's ruling on Plaintiffs' Motion for Leave to File Fourth Amended Complaint. [Doc. 66, 78.] On April 18, 2018, the Court granted the Motion for Leave to File the Fourth Amended Complaint, thus the Motion to Dismiss was "*denied as moot* and *without prejudice to refiling a new motion* based on the Fourth Amended Complaint."

[Doc. 77, 78.](emphasis added.)

Now, in less than seven weeks after the Court denied the initial Motion to Dismiss as moot, and without ruling on its merits, Dragon Defendants bring this Motion on grounds that were not raised in the initial Motion to Dismiss, because these defenses were not available to Dragon Defendants at the time.  In light of all these factors, Dragon Defendants request the Court to dismiss the case due to improper venue and lack of personal jurisdiction.  In the alternative, the Court should transfer the case to the Southern District Court of California, a more convenient forum for all Parties to the case.

## **ARGUMENT**

The Court should dismiss the Case because it lacks personal jurisdiction over Dragon Defendants and venue is improper.  The Court should consider said defenses, because these defenses were not available to Dragon Defendants at the time they filed the Initial Motion to Dismiss, and also because the Court did not rule on the merits of the Initial Motion to Dismiss and dismissed it as moot and without prejudice to Dragon Defendants to file a new one. In the alternative, if the Court does not agree that the defenses at issue were not available to Dragon Defendants at the time the Initial Motion to Dismiss was filed, the Court should grant relief under Rule 60(b)(1) and Rule 60(b)(6).

Venue and personal jurisdiction is improper in this District because there is no basis for the Court to exercise general or specific personal jurisdiction over Dragon Defendants. Furthermore, the relationship between Dragon Media and Defendants Nainoa and Barnhart was simply that of a vendor and a vendee, and as such, the location and residence of those two defendants does not determine the propriety of venue and personal jurisdiction as to Dragon Defendants. Hence, the Court should dismiss the case as against Dragon Defendants for lack of personal jurisdiction and venue.

In the alternative, the Court should transfer the case to the Southern District Court of California, a more convenient forum for all Parties to the case.

## I.     THE COURT SHOULD DISMISS THE CASE BECAUSE IT LACKS PERSONAL JURISDICTION OVER DRAGON DEFENDANTS AND THE VENUE IS IMPROPER

The Court should dismiss the case under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure because Dragon Defendants' conduct does not satisfy the requirements for the exercise of personal jurisdiction over them. A defendant may bring a motion to dismiss alleging a lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and improper venue under Rule 12(b)(3). A motion to dismiss for improper venue which is based on the enforcement of a forum selection clause is also governed by Rule 12(b)(3). *Doe v. Network Solutions, LLC*, 2008 U.S. Dist. LEXIS 7397, *11 (Cal. N. D. 2008). Here, Plaintiffs cannot establish that venue

properly lies as to each of Dragon Defendants as well as each claim. *L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, 2017 U.S. Dist. LEXIS 64115, *5 (Cal. C. D. 2017).   Likewise, the Court cannot exercise personal jurisdiction over Dragon Defendants. Thus, for the reasons discussed blow, the Court should dismiss the case as to Dragon Defendants.

## A.     The Court Should Consider Dragon Defendants' Venue and Jurisdiction Defense

It is expected that Plaintiffs will argue that Dragon Defendants have waived their defenses under Rules 12(b)(2) and 12(b)(3) because they did not raise the defenses in their initial Motion to Dismiss the Third Amended Complaint (the "Initial Motion to Dismiss").   Rule 12(g)(1) provides that once a defendant makes a motion under Rule 12(b), the defendant "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." However, in light of the particular procedural facts of this case, the Court should exercise its discretion by considering the defenses at issue.

### 1.     *The Initial Motion to Dismiss was not Ruled on its Merits*

Considering that Dragon Defendants were served with the Summons and the Third Amended Complaint only four months ago, on January 23, 2018, there is no

prejudice whatsoever to allow them to raise the defenses at issue at this time. Notably, although Dragon Defendants filed the Initial Motion to Dismiss, on February 14, 2018, it was never considered by the Court on its merits. Nearly six weeks before filing of the instant Motion, the Court granted Plaintiffs' Motion for Leave to File the Fourth Amended Complaint, thus denying the Initial Motion to Dismiss "as *moot and without prejudice to refiling a new motion* based on the Fourth Amended Complaint."(emphasis added.) Accordingly, the Court should consider the defenses at issue.

2.      *The Defenses at Issue Were not Available at the Time of Filing of the Initial Motion to Dismiss*

The Fourth Amended Complaint is so substantially different from the Third Amended Complaint that Dragon Defendants should be allowed to raise the defenses at issue. The Fourth Amended Complaint dismissed Defendant Balubar and instead added two new defendants, Defendant Nainoa and Defendant Barnhart. Due to their joinder, Dragon Defendants now have a venue and jurisdiction argument that was not previously available to them: Although Defendants Nainoa and Barnhart appear to be residents of this District, their Reseller Agreements with Defendant Dragon Media includes a Forum Selection Clause which indicates they are governed by the laws of the State of California. The Fourth Amended Complaint has also omitted the two causes of action present in the Third Amended Complaint, and instead alleges new claims for (1) alter ego; (2) contributory copyright infringement based upon inducement; and (3) contributory

copyright infringement based upon material contribution.  As discussed below, Plaintiffs cannot show that venue and jurisdiction is proper as to the new causes of action against Dragon Defendants. The defenses at issue were not available to Dragon Defendants when they made the Initial Motion to Dismiss, and thus, the Court should consider them.

### 3.     *In the Alternative, the Court Should Relieve Dragon Defendants Under Rule 60 (b)*

In the alternative, if the Court does not agree that the defenses at issue were not available to Dragon Defendants at the time the Initial Motion to Dismiss was filed, it should grant a relief from this order under Rule 60(b)(1) and Rule 60 (b)(6). Any failure on Dragon Defendants' part to raise the defenses at issue in the initial Motion to Dismiss was due to their former counsel's mistake, inadvertence, and excusable neglect. Considering that only four months has passed since Dragon Defendants were joined as parties, that the Court did not rule on the merits of the Motion to Dismiss six weeks ago— but rather denied it as moot and without prejudice to Dragon Defendants to refile it— and that no discovery has been conducted since Dragon Defendants joined the case, there is no prejudice against any party to this case and no waste of judicial resources, if the Court relieves Dragon Defendants from the order.  Accordingly, the Court should exercise its discretion by considering Dragon Defendants' defenses as discussed below.

/ / /

/ / /

7

## B.    Venue and Personal Jurisdiction is not Proper in this Case

Venue and Personal Jurisdiction is not proper as to Dragon Defendants.  In most cases, venue can be laid pursuant to the general venue statute, 28 U.S. C. section 1391. However, venue in copyright infringement actions is governed by 28 USC section 1400 (a) which provides "[c]ivil actions, suits, or proceedings arising under any Act of relating to copyrights . . . may be instituted in the district in which *the defendant or his agent resides or may be found*." (Emphasis added.) A corporation is deemed to reside in a judicial district in which it is subject to the court's personal jurisdiction with respect to the case at issue.   28 U. S. C. § 1391(c)(2).   The Ninth Circuit has interpreted this provision to allow venue "in *any judicial district in which the defendant would be amenable to personal jurisdiction* if the district were a separate state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)(emphasis added); *See Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (Cal. N. D. 2007)("The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act.") The courts utilize the same procedures to decide if venue is proper as they do to rule on a motion to dismiss for lack of personal jurisdiction. *Goldberg v. Cameron*, 482 F. Supp. 2d at 1143 (citation omitted.)

In the present case, Dragon Defendants did not have the capacity to control the remaining Defendants' conduct, because Defendants Nainoa and Barnhart are not officers

or agents of Dragon Defendants. The relationship between Dragon Media and Defendants Nainoa and Barnhart was simply that of a vendor and a vendee governed by reseller agreements. Thus, given that the location and residence of Defendants Nainoa and Barnhart does not determine the propriety of venue and personal jurisdiction as to Dragon Defendants, only the district in which each Dragon Defendant is subject to personal jurisdiction is determinative of the issue. Dragon Defendants' analysis below is to show both impropriety of venue as well as this Court's lack of personal jurisdiction over them.

1.      *There is no Basis for the Court to Exercise General Personal Jurisdiction*

This is not a proper case for assertion of general personal jurisdiction.  General personal jurisdiction properly lies in a case where the defendant's activities in the state are "substantial" or "continuous and systematic" that "approximate physical presence in the forum state." *Microsoft Corp. v. Academic Software HQ Inc.*, 2017 U.S. Dist. LEXIS 82423, *7-8 (Cal. S. D. 2017) quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. Cal. 2004).  The factors that courts should consider in determining whether general jurisdiction exists include "whether the defendant makes, sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Microsoft Corp.*, 2017 U.S. Dist. LEXIS 82423 *8  quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,

223 F.3d 1082, 1086 (9th Cir. Cal. 2000).  General jurisdiction does not exist if there is no showing of pervasive contacts. *Goldberg v. Cameron*, 482 F. Supp. 2d at 1144.

As Defendant Christoforo has stated in his declaration, Dragon Media's sole office is located in the Southern District of California and he himself also resides in that district. (Declaration of Paul Christoforo ("Christoforo Decl.") ¶ 3); (Compl. ¶ 17.) Dragon Defendants have never held a license or been registered to conduct any business within this District, nor have they ever designated any agent for service of process in this District. *Id.* ¶ 6. Dragon Defendants have never travelled to this District for any express business-related purposes. *Id.* ¶ 3. They have never owned or leased any offices or any properties for business purpose in this District, nor have they ever had any bank accounts herein. *Id.* ¶¶ 3, 7. They have never had any employees, contractors, or officers in this District. *Id.* ¶ 5. Thus, Dragon Defendants are not subject to general personal jurisdiction of this Court.

2.   *There is no Basis for the Court to Exercise Specific Personal Jurisdiction*

This is not a proper case for assertion of specific personal jurisdiction either.  A court may exercise specific personal jurisdiction depending on "the nature and quality of the defendant's contacts in relation to the cause of action." *Wine Bottle Recycling, LLC v. Niagara Sys. LLC*, 2013 U.S. Dist. LEXIS 37273, *13 (Cal. N. D. 2013) quoting

*Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. Cal. 1977). In the absence of general personal jurisdiction, the court may exercise specific jurisdiction if the following three-part test employed by the Ninth Circuit is met (1) "the defendant purposefully directed its activities at residents of the forum, (2) . . . the claim arises out of or relates to those activities, and (3) . . . assertion of personal jurisdiction is reasonable and fair." *E. digital Corp. v. FNJ Storage, Inc.*, 2015 U.S. Dist. LEXIS 181278, *5 (Cal. S. D. 2015); See *L.A. Gem & Jewelry Design, Inc.,* 2017 U.S. Dist. LEXIS 64115, *18-19.  Notably, the Supreme Court has held as follows:

> [P]laintiff *cannot* be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him . . . But a defendant's relationship with a plaintiff or third party, standing alone, id an insufficient basis for jurisdiction . . . Due process requires that a defendant be haled into court in a forum State based on his *own affiliation* with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.

*Walden v. Fiore*, 134 S. Ct. 1115, 1122-1123 (2016)(citations and quotations omitted).

Here, Defendants lack the "minimal contacts" with the District that are a prerequisite for it to exercise personal jurisdiction over Defendants.

### a.  *Purposeful Direction Analysis Does not Result in Finding of Personal Jurisdiction*

Under the first prong, given that a purposeful availment analysis is used in contract cases, and a purposeful direction analysis is utilized in lawsuit sounding in tort,

and that a claim for copyright infringement sounds in tort, thus, a purposeful direction

analysis is appropriate in this case. *Goldberg v. Cameron*, 482 F. Supp. 2d at 1144; *L.A.*

*Gem & Jewelry Design, Inc., LLC*, 2017 U.S. Dist. LEXIS 64115, *19. In doing the

purposeful direction analysis, the Court must apply the Supreme Court's "effect test". *Id.*

citing to *Calder v. Jones,* 465 U.S. 783 (1983). Under *Calder* test, the "defendant must

have (1) committed an intentional act, which was (2) expressly aimed at the forum state,

and (3) caused harm, the brunt of which is suffered and which the defendant knows is

likely to be suffered in the forum state." *Id.*

      The first element of intentional conduct cannot be met here because Dragon

Defendants have not committed any intentional acts that would allegedly assist residents

of this District or the other Defendants to infringe Plaintiffs' copyrights.   Dragon

Defendants' relationship with the other two Defendants is only that of a vendor and a

vendee. Defendants Nainoa and Barnhart are not the officers, agents, or employees of

Dragon Defendants, and Dragon Defendants have never had any control over their

business or conduct. (Christoforo Decl. ¶ 8.)  The mere fact that Dragon Media has had

attenuated contacts with Defendants Naiona and Barnhart, without any attempt on its part

to target residents of Hawaii, does not constitute a sufficient basis for this Court to

exercise jurisdiction over Dragon Defendants.

      As to the second element, "[t]he Ninth Circuit has emphasized that something

more than mere foreseeability is required in order to justify the assertion of personal

jurisdiction and that something more means conduct expressly aimed at the forum." (quotation and internal formatting omitted.) *DFSB Kollective Co., Ltd. v. Bing Yang*, 2013 U.S. Dist. LEXIS 46096, \*13 (Cal. N. D. 2013).  Dragon Defendants have had no contacts and have conducted no business with Plaintiffs—who themselves are not residents of this District. Dragon Defendants have not reached out to the residents of this District for business, and the Reseller Agreements executed between Dragon Defendants and the other Defendants does not show any conduct expressly aimed at this District. In fact, the Reseller Agreements contain a Forum Selection Clause to the effect that the Agreements are governed by the laws of the State of California. Thus, Dragon Defendants have had no conducts expressly aimed at the forum, or any conduct whatsoever that would lead them to reasonably expect to be haled into this Court.

As to the third part of the test, it must be shown that "Defendants' conduct caused harm that they knew was likely to be suffered in the forum." *DFSB Kollective Co., Ltd.,* 2013 U.S. Dist. LEXIS 46096, \*19. (citations and quotations omitted). Based on the foregoing facts there was no reason for Dragon Defendants to expect that Plaintiffs' copyrights at issue would allegedly be infringed by residents in this District. Considering the location of Plaintiffs' principal places of business, any harm—including financial harms— should have reasonably been expected to be suffered in the States of California and Nevada.

/ / /

13

b.     _Plaintiffs' Claims Do not Arise Out of Defendants' Activities_

The second prong of the analysis is satisfied if it is shown that "the plaintiff would not have been injured but for the defendant's conduct directed toward the forum." _Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.,_ 191 F. Supp. 3d 1007, 1018 (Cal. N. D. 2016). This Circuit has recognized that in an action for copyright infringement, if defendants' infringing conducts harms the plaintiffs in the forum, the second prong of the analysis is satisfied. _Id._ Dragon Defendants have committed no infringing acts and the mere execution of the Reseller Agreements with the remaining Defendants does not satisfy this element. Dragon Defendants had no control over the allegedly infringing conduct of the remaining Defendants or the residents in this District, including any of the alleged advertisements made by the remaining Defendants. Notably, the Dragon Box device at issue that Plaintiffs claim to have caused the infringements in this District is nothing more than another equipment such as a computer, internet, and DVD ROM Drive which can be used for lawful purposes or for unlawful purposes by their owners.

c.     _Assertion of Personal Jurisdiction is not Fair and Reasonable_

If the Plaintiff fails to meet its burden in establishing either prong one or two, the "jurisdictional inquiry ends and the case must be dismissed." _L.A. Gem & Jewelry Design, Inc., LLC,_ 2017 U.S. Dist. LEXIS 64115, *19 (quotation omitted.)  However, if the other prongs are satisfied, the Court should not exercise personal jurisdiction, if the Defendants

14

show compelling considerations that would render personal jurisdiction unreasonable. The Court may consider any of the followings:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Autodesk, Inc.,* 191 F. Supp. 3d 1007 at 1018.  In light of all these factors, the Court should dismiss the case. This case should have been brought in either Central or Southern District of California where Dragon Defendants and Plaintiff Venice are located. Further, both Defendants Nainoa and Barnhart had agreed that the Seller Agreements would subject them to the laws of the State of California. Plaintiff ME2 is located in the State of Nevada, a neighboring state to California. Thus, it cannot be argued that this forum is so important to the Plaintiffs' interest in convenient and effective relief that this case should be resolved here and not in California.  Considering that Plaintiffs and Dragon Defendants are not residents of this District, and in light of the existing Forum Selection Clause, this District does not have a high interest in adjudicating this case.  In light of all foregoing facts, it is not fair nor reasonable for this Court to exercise jurisdiction over Dragon Defendants. Accordingly, the Court should dismiss the case.

/ / /

/ / /

## II.   ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION TO THE SOUTHERN DISTRICT COURT OF CALIFORNIA WHICH IS A MORE CONVENIENT VENUE

Pursuant to 28 U.S.C. section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court has discretion to rule on motions for transfer "on a case-by-case basis, considering factors of convenience and fairness." *Wellens v. Daiichi Sankyo Co.,* 2013 U.S. Dist. LEXIS 89831, *3-4 (Cal. N. D. 2013). A prerequisite under section 1404(a) is that venue is proper in the transferee district.  Once it is established that the action could have been brought in the transferee district, the court then may consider any of the following public and private interest factors in determining whether to transfer the action to that venue:

> (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) relative ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum.

*Wellens,* 2013 U.S. Dist. LEXIS 89831, *3-4. As discussed below, the venue is proper in the Southern District of California, and all factors heavily weigh in favor of the transfer. Accordingly, the Court should grant the Motion.

/ / /

/ / /

/ / /

### A.   Plaintiff Could Have Brought This Case in the Southern District Court of California

This inquiry requires this Court to transfer this Action to the Southern District Court of California. The Court should consider whether venue and personal jurisdiction are both proper in the transferee district. In the interest of judicial economy, Dragon Defendants refer the Court to the preceding sections for a thorough explanation of the applicable law to the issues of proper venue and personal jurisdiction. Venue properly lies in the Southern District of California because Defendants either reside or are found in that district. For the purpose of venue, a defendant is found in a district in which it is subject to personal jurisdiction of that forum.  Considering that Defendant Christoforo resides in the Southern District of California and that Dragon Media is an incorporated corporation therein, they are both subject to the proper personal jurisdiction in that district. Given that both remaining Defendants have consented to the jurisdiction of California by agreeing to the Forum Selection Clause in their Seller Agreements, and that they both reached out to Dragon Defendants located in the Southern District of California, that forum is proper. Accordingly, this case could have properly been brought in the Southern District Court of California.

### B.   Plaintiff's Choice of Forum is Not Entitled to Deference

Plaintiffs' choice of forum is not entitled to a great deference in this case.

Plaintiff's choice of forum should be given greater weight "when a plaintiff chooses to sue in its home state." *Gresser v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 44074, *11 (Cal N. D. 2012). "[w]hen the home forum has been chosen, it is reasonable to assume the choice is convenient. . . .'" *Joon Park v. Cas Enters.*, 2008 U.S. Dist. LEXIS 127108, *4 (Cal. S. D. 2008) quoting *Piper Aircraft v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 70 L. Ed. 2d 419, 255-256 (1981). Likewise, a plaintiff's choice of forum should "be given considerably less weight", when it chooses a district other than one in which it resides. *Id.* *11-12 quoting *Strigliabotti v. Franklin Res., Inc.,* 2004 WL 2254556 *3 (N.D. Cal. 2004). In the present case, Plaintiffs have not sued in their home states; thus, their choice of forum is not entitled to a great deference.

### C.     The Southern District of California is More Convenient For the Parties and the Witnesses

Although initial disclosures have yet to be conducted in this case, it is expected that most Parties and their witnesses are located in the Southern District Court of California, or at locations with great proximity to that district. Dragon Defendants are both located in the Southern District of California. Plaintiff Venice is located in California within a few driving hours of the Southern District of California. Furthermore, by entering into an agreement with the residents of Southern District of California and consenting to the Forum Selection Clause, Defendants Naoina and Barnhart have already

forseen being haled into that District Court. Additionally, Plaintiff ME2 Productions is in Nevada which is a neighboring state to California, and thus, travelling to California should be easier and less costly than to Hawaii.

### D.    The Ease of Access to Evidence Favors the Transfer

As to the documents that either party may decide to use, this factor favors transfer. Generally, the "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Metz v. United States Life Ins. Co*., 674 F. Supp. 2d 1141, 1149 (Cal. C. D. 2009). Nevertheless, the Court should consider that most parties and their documents are located in, or in a great proximity, to the Southern District of California. Thus, the ease of access to evidence favors the transferee district, or at the very least, it is a neutral factor.

### E.    The Southern District Court of California Has a Strong Local Interest in this Case

The Southern District Court of California has a "local interest in having localized controversies decided at home." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (1986). Specifically, that district has a strong local interest in the controversy that revolves around a device made and sold allegedly by one of its residents, the Dragon Box device, as well as the relationship between the Defendants governed by

the laws of California.  Accordingly, the Southern District Court of California is the appropriate venue to adjudicate the case.

## CONCLUSION

For the foregoing reasons, Dragon Defendants request the Court to dismiss the Fourth Amended Complaint, or alternatively, to transfer it to the Southern District Court of California.

**SHARIF | FAUST LAWYERS, LTD.**

Dated: June 4, 2018                 BY: _____ */s/ Matthew J. Faust*
                                             Matthew J. Faust